*B. A. Hayes,* for plaintiff.

*F. S. Monnett* and *N. O. Winter,* for defendant.

---

## JUDGMENTS FOR TAXES BEAR INTEREST.

[Circuit Court of Lucas County.]

THE STATE OF OHIO, EX REL WILLIAM W. CRAPO, TRUSTEE, V. PETER PARKER, AS TREASURER OF LUCAS COUNTY, OHIO.

Decided, July 3, 1903.

*Interest—On a Judgment for Taxes Against Real Estate—Collectable Under Section 3181—Meaning of the Word "Transaction" as Used In This Statute.*

A judgment in a suit brought for the recovery and enforcement of a lien for taxes against real estate bears interest from the time it was taken until it is paid.

HAYNES, J.; HULL, J., and PARKER, J., concur.

In this case a petition is filed for a writ of mandamus to compel the defendant, Peter Parker, Treasurer of Lucas County, to receive the amount of a certain judgment according to the amount stated in the judgment, and without any accruing interest upon the judgment—the real question being whether a judgment in a suit brought for the recovery and enforcement of a lien for taxes against real estate will bear interest from the time it was taken until its payment.

We have stated our doubts as to whether this is a case where the proper remedy is mandamus; but, waiving that, we have examined the question and come to some conclusions in regard to the case.

It is claimed on behalf of the relator that the right to recover interest is founded upon Section 3181 of the Revised Statutes. Assuming that to be true, we have examined the statute, which is as follows:

"In cases other than those provided for in the two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing hereafter made upon any book account, or settlement hereafter made between parties, upon all verbal contracts hereafter entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract hereafter made, or other transaction which hereafter occurs, the creditor shall be entitled to interest at the rate of six per cent. per annum, and no more."

And a discussion is made upon the definition or proper understanding of the word "transaction." It is claimed on the part of the relator that the levying of taxes and the collection of the same by judgment is not a "transaction" within the proper definition of the word, and that there being no statute which provides for the collection of interest upon taxes, or upon a judgment for taxes, that therefore no interest can be legally allowed. I have said—assuming that this statute governs, and I am of opinion that this does govern—at common law the matter of interest was entirely a question of damages, but it has come to be in this country a matter of contract, and very largely a matter of statutory right. Now this is not a bill, or a note, or any of these matters that are set forth in the different sections of the statute, and we think it is a proper statement to make that it must be included within the term "transaction."

If we look at Anderson's Dictionary of Law, at page 1047, under the heading "Transaction," we find this definition to be given:

"Whatever may be done by one person which affects another's rights, and out of which a cause of action may arise. It is broader than 'contracts.' A contract is a transaction, but a transaction is not necessarily a contract. In a statute, limiting counter-claims to demands arising out of the same transaction; some commercial or business negotiation; not a wrong of violence or fraud."

That is, in relation to counter-claims growing out of the same transaction, and according to that it must be some commercial or business negotiation, not a wrong of violence or fraud. But, under this first definition: "Whatever may be done by one person which affects another's rights," the levying of a tax made by the supreme authority of the state, and by the officers of the state placed upon the duplicate, by the statute becomes a lien upon property. The statute states that the treasurer is authorized to bring suit, if taxes are not paid, and to force the lien to judgment and decree for the sale of the property, which would seem to come explicitly within the definition of "Whatever may be done by one person which affects another's rights, and out of which a cause of action may arise."

Our ancient friend, Webster, has a definition also, at page 1402:

"The doing or performing of any business; management of any affair. That which is done; an affair, as, we are not to expect in history a minute detail of every *transaction*. (Civil law). An adjustment of a dispute between parties by mutual agreement. Synonym: proceeding; action; process. A transaction is something already done and completed; a proceeding is either something which is now going on, or if ended, is still contemplated with reference to its progress or successive stages. The *proceedings* at the trial of Lord Russell were marked by deep injustice, and they led to a *transaction,* in his beheading, of flagrant enormity."

It strikes us that the definition in regard to the proceedings upon the trial of Lord Russell and his execution, was a very fortunate illustration of the subject; that was a proceeding by one party which resulted in the decapitation of Lord Russell, and the other is a proceeding by one party which often results in the decapitation or taking in law of a man's property. At any rate it is a definition and illustration given by the dictionary —an act by one party which affected another and out of which an action might arise and judgment may be taken.

It was always supposed that every judgment drew interest. It was argued by counsel that it is usually stated in the decree that the judgment shall draw interest. Now our experience and our understanding is to the contrary. In an ordinary judg-

ment or a decree taken for a specific amount, it has not been customary, so far as we know, to make a statement in regard to interest. The decree finding the amount due and declaring a lien upon the premises is a judgment, and the general terms and meaning of a judgment has been defined in the case of *Doyle* v. *West,* 60 O. S., 438.

I think it will be found that the definition of this word as claimed by counsel for the relator should prevail—that there are a large number of judgments which will not draw interest. As, for instance, judgments for torts, or for negligence, that do not arise out of any agreement between parties. In cases of assault and battery, libel, slander and all that class of cases, they are matters which are not consented to by the other party, nor have they arisen out of any agreement or arrangement between the parties, but they are acts of one party committed upon the other in violation of the rights of one party, which gives them a right of action, and that right of action is merged into a judgment, and that judgment should certainly be entitled to draw interest on the principles of equity and the true and proper construction of the statutes.

Without discussing the matter farther, we are very clearly of the opinion ourselves that this decree does draw interest from the time it was taken, and that has been the understanding of this court. The case referred to (*Wheeling & Lake Erie Railroad Co.* v. *Treasurer,* 15 Circuit Court Reports), we assume to be the law of this court. The point decided there was another point and followed a decision which was made by the court in the seventh circuit, in Belmont county, and was originally a question of penalties, and not a question of interest—except as the question of interest may have been drawn in prior to the time the decree was taken.

The petition of the plaintiff for a writ of mandamus will be dismissed.

*W. H. A. Read, C. F. Watts, H. A. Merrill,* for relator.

*W. G. Ulery,* for defendant.